UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

........................................

UNITED STATES OF AMERICA,

VS.

RONALD MAYO

........................................

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 10 2006 ★
BROOKLYN OFFICE

JUDGMENT INCLUDING SENTENCE

NO. __CR 05-43-(S-5)-01(JG)__
USM# __72322-053__

CM

| Lee J. Freedman | Ron Tolkin | Kenneth Paul, Esq. |
|---|---|---|
| Assistant United States Attorney | Court Reporter | Defendant's Attorney |

The defendant **Ronald Mayo** having pled guilty to count one of the indictment accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

**TITLE AND SECTION**          **NATURE OF OFFENSE**                              **COUNT NUMBERS**
21USC846 AND 841(a)(1)(A)(ii)AND(iii)   CONSPIRACY TO DISTRIBUTE AND                 ONE
                               POSSESS WITH INTENT TO DISTRIBUTE COCAINE AND
                               COCAINE BASE

    The defendant is sentenced as provided in pages 2 through 4 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

____ The defendant is advised of his/her right to appeal within ten (10) days.

____ The defendant has been found not guilty on count(s) and discharged as to such count(s)

**X** Open counts are dismissed on the motion of the United States.

____ The mandatory special assessment is included in the portion of Judgment that imposes a fine.

**X** **It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.**

    It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

__MAY 5, 2006__
Date of Imposition of sentence

s/John Gleeson
JOHN GLEESON, U.S.D.J.

Date of signature   5-8-06
A TRUE COPY ATTEST
DEPUTY CLERK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: **TWO HUNDRED (200) MONTHS.**

__X__ The defendant is remanded to the custody of the United States Marshal.

__X__ **The Court recommends that the defendant be designated to a correctional facility as close as possible to the New York Metropolitan area, if consistent with the Bureau of Prison policy.**

____ T he defendant shall surrender to the United States Marshal for this District.

____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

  ____ -12:00 noon._____.
  _ As notified by the United States Marshal.
  _ As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this Judgment.

_____
United States Marshal

By:_____

## SUPERVISED RELEASE

Upon release from Imprisonment, the defendant shall be on supervised release for a term of: **FIVE (5) YEARS.**

**The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

The defendant is prohibited from possessing a firearm.

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

  —  The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

    **THE DEFENDANT IS TO COMPLY WITH THE ORDER OF FORFEITURE (A COPY OF WHICH IS ATTACHED) MAKE FULL FINANCIAL DISCLOSURE AND RECEIVE MENTAL HEALTH TREATMENT UNDER THE DIRECTION AND SUPERVISION OF THE PROBATION DEPARTMENT.**

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

SLR:EB:LDM
-F. #2004V00668

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

RONALD MAYO,

               Defendant.

- - - - - - - - - - - - - - - - -X

CONSENT ORDER OF
FORFEITURE

05 CR 43 (S-5) (JG)

WHEREAS, in the above-captioned case, the defendant, pursuant to 21 U.S.C. § 853, consents to the forfeiture of monies and properties which constitute or are derived from proceeds obtained, directly or indirectly, as the result of a conspiracy to violate the Controlled Substances Act, 21 U.S.C. § 801 et seq., which were used to commit or facilitate the commission of such violations, and/or as substitute assets as follows: (a) the entry of a forfeiture money judgment in the amount of one million dollars ($1,000,000) in United States currency (the "Forfeiture Money Judgment"); (b) the forfeiture of all right, title and interest that the defendant holds in the real properties, together with their respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 777 Greene Avenue, Brooklyn, New York 11221, and 115 Lyric Circle, a/k/a 115 Whispering Woods, Brodheadsville, Pennsylvania 18322 (together, the "Properties"); and (c) the

forfeiture of all U.S. currency (the "Seized Currency"), in the approximate amount of $7,000, that was seized by law enforcement officers from 777 Greene Avenue, Brooklyn, New York on or about January 4, 2005 during the execution of a warrant and consent search; and

WHEREAS, on or about December 5, 2005, the defendant Ronald Mayo entered a plea of guilty to count one of the above-captioned Indictment, charging a violation of 21 U.S.C. § 846;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. Pursuant to 21 U.S.C. § 853, the defendant shall forfeit to the United States (a) the full amount of the Forfeiture Money Judgment; (b) all right, title and interest that the defendant holds in the Properties; and (c) the Seized Currency.

2. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment, the forfeiture of the Properties, and the forfeiture of the Seized Currency. The defendant agrees to take whatever steps are necessary to ensure full payment of the Forfeiture Money Judgment.

3. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money

Judgment following the Court's entry of the judgment of conviction.

4. The defendant is barred from asserting a claim and, unless subjected to compulsory process, the defendant shall not assist any person or entity in the filing or litigation of any claim contesting any judicial or administrative proceeding involving the Properties, including but not limited to the civil action captioned <u>United States v. 67 Stuyvesant Avenue et al.</u>, 05-CV-0047 (E.D.N.Y.) (JG). The defendant is further barred from asserting a claim and, unless subjected to compulsory process, the defendant shall not assist any person or entity in the filing or litigation of any claim in any administrative or judicial proceeding involving (a) the monies used towards the payment of the Forfeiture Money Judgment pursuant to this Consent Order, or (b) the Seized Currency.

5. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and properties forfeited hereunder. The defendant further knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the monies and properties forfeited hereunder, and waives any and all defenses to the forfeiture described in this Consent Order, including, but not limited to, defenses based on double jeopardy, <u>ex post facto</u> application of any applicable statute, any applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

6. The defendant shall not, directly or indirectly, engage in any effort to transfer, sell, assign, pledge, encumber or dispose of the Properties in any manner.

7. Upon entry of this Consent Order, the United States Attorney General or his designee, including the United States Marshals Service, is authorized to seize the monies and properties forfeited hereunder and to conduct any discovery proper to identify, locate or dispose of them in accordance with Fed. R. Crim. P. 32.2(b)(3).

8. Upon entry of this Consent Order, the United States Attorney General or his designee is authorized to commence any applicable proceedings necessary to comply with the statutes governing the rights of third-parties, including giving notice of this Consent Order.

9. The United States Marshals Service shall publish notice of this Consent Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the subject assets in such a manner as the Attorney General or his designee may direct.

10. Any person, other than the defendant, asserting a legal interest in the monies or properties forfeited hereunder must within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing, without a jury, to adjudicate the

validity of his or her alleged interest in the monies or properties, and for an amendment to this Consent Order pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(c).

11. Any petition filed by a third-party asserting an interest in the Properties or the Seized Currency forfeited hereunder shall (i) be signed by the petitioner upon penalty of perjury; (ii) set forth the nature and extent of the petitioner's right, title or interest in the monies or properties; and (iii) set forth any additional facts supporting the petitioner's claim and relief sought.

12. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in any monies or properties identified and/or seized in accordance with Fed. R. Crim. P. 32.2(e)(1) as a substitute for publishing notice as to those persons so identified.

13. In the event that any third party files a petition, the defendant agrees to assist the United States in any litigation with any third party. Such assistance shall include: (a) furnishing all documents and other material that may be relevant to the litigation and that are in the defendant's possession or control; and (b) testifying at any proceeding in the Eastern District of New York or elsewhere as requested by the United States.

14. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

15. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Consent Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), giving the United States clear title to the monies and properties forfeited hereunder.

16. In the event any third-party files a timely claim, upon adjudication of all third-party interests, the Court will enter a Final Order of Forfeiture in which all interests will be addressed.

17. The Court shall retain jurisdiction to enforce this Consent Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

18. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Consent Order.

19. This Consent Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and

transferees of the defendant, and shall survive the bankruptcy of any of them.

20. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Consent Order.

21. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Consent Order to Assistant United States Attorney Laura D. Mantell, United States Attorney's Office, Eastern District of New York, 147 Pierrepont Street, Brooklyn, New York 11201.

Signed: _____
Ronald Mayo

_____
Ernest H. Hammer, Esq.

Dated: Brooklyn, New York
December 5, 2005

_____
THE HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE

A TRUE COPY
ATTEST
DATED December 7, 20 05
ROBERT C. HEINEMANN
CLERK
BY Jasmine Piper
DEPUTY CLERK