| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION ONLY |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| UNITED STATES OF AMERICA, | |
|---|---|
| | MEMORANDUM AND ORDER |
| - against - | 05 CR 43 (JG) |
| RONALD MAYO, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

A P P E A R A N C E S:

    BRUCE REGENSTREICH
        110 Wall Street, Eleventh Floor
        New York, New York 10005
        Attorney for Defendant

    BENTON J. CAMPBELL
        United States Attorney
        Eastern District of New York
        160 Cadman Plaza East
        Brooklyn, New York 11201
    By:    Lee Freedman
        Assistant U.S. Attorney

JOHN GLEESON, United States District Judge:

        On May 5, 2006, Ronald Mayo was sentenced to a 200-month term of imprisonment on his plea of guilty to conspiring to distribute narcotics. When he was sentenced, his advisory Sentencing Guidelines range was 188 to 235 months. That range was based on a base offense level of 36; a two-level upward adjustment for an aggravated role; a two-level downward adjustment for acceptance of responsibility; and a final offense level of 36 in Criminal History Category I.

        In Amendment 706 to the Guidelines, which became effective on November 1, 2007, the Sentencing Commission adjusted downward the base offense levels, and ultimately the sentencing ranges, for many drug offenses involving crack. In Amendment 713, which became effective on March 3, 2008, the Commission made the reduced crack sentences retroactive by adding Amendment 706 (as amended by

Amendment 711) to the list of amendments in U.S.S.G. § 1B1.10(c). Sentenced defendants whose Guidelines ranges are lowered by such amendments are eligible for reductions in sentence pursuant to 18 U.S.C. § 3582(c). Mayo seeks such an adjustment.

The application is denied. Congress granted courts the authority to modify sentences under 18 U.S.C. § 3582(c) only if a sentence reduction is consistent with the Sentencing Commission's applicable policy statements. The relevant policy statement in this regard is U.S.S.G. § 1B1.10, which provides that the court's authority to reduce a defendant's term of imprisonment arises only when a retroactive amendment has the effect of lowering the defendant's guideline range:

> (1) *In General*. -- In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) *Exclusions*. -- A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if --
> ...
>
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a).

The commentary to the section reiterates what the quoted text already makes clear: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) [of § 1B1.10] that lowers the applicable guideline range." *Id*., cmt. n.1.

The amended guideline does not lower Mayo's range. That is because crack was not the only drug involved in his offense. In his plea agreement, Mayo stipulated that his sentence should be calculated based on at least 50 kilograms of cocaine as well as least 50 grams of crack. The cocaine alone

2

requires that his base offense, even under the amended guideline, be 36, which was his base offense level at the time he was sentenced. Thus, Mayo does not meet a threshold requirement for consideration for a sentence modification pursuant to § 3582(c).

## CONCLUSION

For the foregoing reasons, Mayo's application for a sentence modification is denied.

John Gleeson

Dated: Brooklyn, New York
       May 20, 2008